U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 3 0 2006

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| OLIVER T. WILLIAMS,<br>Appellant | CIVIL ACTION<br>SECTION "P"<br>NO. CV05-0920-A |
| VERSUS | |
| JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL SECURITY,<br>Appellee | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Oliver T. Williams ("Williams") filed an application for disability insurance benefits ("DIB") on September 26, 2000 (Tr. p. 106), alleging a disability onset date of December 15, 1995, due to post-traumatic stress disorder ("PTSD")[1] and schizophrenia (Tr. p. 114). Williams was insured for DIB through December 31, 2000 (Tr.

---

[1] Posttraumatic Stress Disorder is the development of characteristic symptoms following exposure to an extreme traumatic stressor involving direct personal experience of an event that involves actual or threatened death or serious injury, or other threat to one's physical integrity or witnessing an event that involves death, injury, or a threat to the physical integrity of another person; or learning about unexpected or violent death, serious harm, or threat of death or injury experienced by a family member or other close associate (Criterion A1). The person's response to the event must involve intense fear, helplessness, or horror (Criterion A2). The characteristic symptoms resulting from the exposure to the extreme trauma include persistent re-experiencing of the traumatic event (Criterion B), persistent avoidance of stimuli associated with the trauma and numbing of general responsiveness (Criterion C), and persistent symptoms of increased arousal (Criterion D). The full symptom picture must be present for more than 1 month (Criterion E), and the disturbance must cause clinically significant distress or impairment in social, occupational, or other important areas of functioning (Criterion F). American Psychiatric Association, <u>Diagnostic and Statistical Manual of Mental Disorders Text Revision</u>, § 309.81 (4th ed. 2000) ("DSM-IV-TR").

p.24). That application was denied by the Social Security Administration ("SSA") both initially and on reconsideration (Tr. p. 96). A de novo hearing was held before an ALJ (Tr. p. 59), who found Williams suffers from "severe" impairments of depression, post traumatic stress disorder, anxiety, and substance abuse addiction (Tr. pp. 32, 34), but that the use of drugs and alcohol was a factor material to his disability. The ALJ further found that, when the functional limitations resulting from the use of drugs and alcohol were set aside,[2] Williams could perform medium work that requires a work environment in which interpersonal contact was incidental to the work performed, the job tasks performed are relatively unskilled, and requiring few variables and very little individual judgment with simple, direct, concrete

---

[2] Section 105 of the Contract with America Advancement Act of 1996, Pub. L. No. 104-121, 110 Stat. 847, 852-55 (1996), amended pertinent portions of the Social Security Act to prohibit the award of DIB and SSI to individuals disabled by alcoholism or drug addiction. See 42 U.S.C. §§ 423(d)(2)(C), 1382(c)(3)(J). Under the amended regulations, the key factor the Commissioner must examine in determining whether drugs or alcohol are a contributing factor to the claim is whether the Commissioner would still find claimant disabled if he or she stopped using drugs or alcohol. 20 C.F.R. § 416.935(b)(1). Under this regulation, the ALJ must evaluate which of the claimant's current physical and mental limitations would remain if claimant stopped using alcohol and then determined whether any or all of claimant's remaining limitations would be disabling. The claimant is the party best suited to demonstrate whether he/she would still be disabled in the absence of drug or alcohol addiction. Thus, the claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his/her disability. Drug or alcohol abuse is material to a disability if the ALJ would not find the claimant disabled if the claimant stopped using drugs or alcohol. 20 C.F.R. § 416.935(b)(1). Evidence sufficient to support an ALJ's finding on this issue is strongly dependent upon the facts in each case. Brown v. Apfel, 192 F.3d 492, 498-499 (5th Cir. 1999).

supervision (Tr. pp. 34, 38, 39). The ALJ concluded that Williams was not disabled at any time through the expiration of his disability insurance benefits on December 31, 2000 (Tr. p. 39). The Appeals Council declined to review the ALJ's decision, which then became the final decision of the Commissioner of Social Security ("the Commissioner").

Williams appealed the Commissioner's decision in this court, and the Commissioner filed an unopposed motion for remand, admitting the decision should be reversed. The Commissioner requested the remand in order to reevaluate the weight to be given to the Veteran's Administration (VA) rating of disability, to request medical source statements from VE physicians to determine whether they considered Williams disabled for reasons other than substance abuse, to consider whether expert testimony is required, and to obtain testimony from a vocational expert. This court remanded the case for further proceedings.

A supplemental hearing was held on October 18, 2004, at which Williams appeared with his attorney, a witness, and a vocational expert (Tr. p. 761). The ALJ found that, on the date Williams was last insured, December 31, 2000, he was an individual closely approaching advanced age, with a limited education and no transferable work skills, who was unable to perform his past relevant work, and with the residual functional capacity to perform light work that is limited to following one and two step instructions and only limited interaction with others. The ALJ concluded there was work which existed in significant numbers in

the national economy which Williams could perform, such as hand packer or assembler, and that Williams was not under a disability at any time through December 31, 2000 (Tr. pp. 721-722). The Appeals Council again declined to review the ALJ's decision, which became the final decision of the Commissioner.

Williams filed the current appeal to this court, contending the Commissioner's decision is not supported by substantial evidence because the ALJ failed to follow the Appeals Council's instructions on remand to consider the VA's 1996 total disability rating and the medical source opinions on which that decision was based, erred in relying on Williams' past substance abuse, failed to consider Williams' severe mental disorders, and failed to consider Williams' impairments in combination. The Commissioner responded to Williams' appeal.

## Scope of Review

In considering Social Security appeals such as the one that is presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether there were any prejudicial legal errors. McQueen v. Apfel, 168 F.3d 152, 157 (5th Cir. 1999). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but need not be a preponderance. Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994), citing Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 482 (1971). Finding substantial evidence does not

involve a simple search of the record for isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole. The substantiality of the evidence must take into account whatever in the record fairly detracts from its weight. Singletary v. Bowen, 798 F.2d 818, 823 (5th Cir. 1986).

A court reviewing the Commissioner's decision may not retry factual issues, reweigh evidence, or substitute its judgment for that of the fact-finder. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987); Dellolio v. Heckler, 705 F.2d 123, 125 (5th Cir. 1983). The resolution of conflicting evidence and credibility choices is for the Commissioner and the ALJ, rather than the court. Allen v. Schweiker, 642 F.2d 799, 801 (5th Cir. 1981). Also, Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992). The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. Dellolio, 705 F.2d at 125. But to make a finding that substantial evidence does not exist, a court must conclude that there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340 (5th Cir. 1988); Dellolio, 705 F.2d at 125.

## Law and Analysis
### Eligibility for DIB

To qualify for disability insurance benefits, a plaintiff must meet certain insured status requirements, be under age 65, file an application for such benefits, and be under a disability as defined by the Social Security Act. 42 U.S.C. 416(i), 423. Establishment

of a disability is contingent upon two findings. First, a plaintiff must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. 423 (d)(1)(A). Second, the impairments must render the plaintiff unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. 423(d)(2).

To determine disability, the ALJ applied the sequential process outlined in 20 C.F.R. §404.1520(a) and 20 C.F.R. §416.920(a). The sequential process required the ALJ to determine whether Williams (1) is presently working; (2) has a severe impairment; (3) has an impairment listed in or medically equivalent to those in 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("Appendix 1"); (4) is unable to do the kind of work he did in the past; and (5) can perform any other type of work. If it is determined at any step of that process that a claimant is or is not disabled, the sequential process ends. A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis. Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994), cert. den., 914 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995), citing Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir.1987).

To be entitled to benefits, an applicant bears the initial burden of showing that he is disabled. Under the regulations, this means that the claimant bears the burden of proof on the first four

steps of the sequential analysis. Once this initial burden is satisfied, the Commissioner bears the burden of establishing the claimant is capable of performing work in the national economy. Greenspan, 38 F.3d at 237.

1.

Williams contends the Commissioner failed to give appropriate weight to the VA rating of service-connected disability.[3] On February 12, 1996, the VA assigned Williams a 100% disability rating based on his PTSD (Tr. p. 168).

A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ. Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001). In Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir.1981), and its progeny, the Fifth Circuit stated that a VA disability determination is entitled to "great weight." In Chambliss, the Fifth Circuit explained that, while this is true in most cases, the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case. Since the regulations for disability status differ between the SSA and the

---

[3] Williams is a Vietnam War veteran. The Veterans Administration determines to what extent a veteran's earning capacity in civil occupations has been reduced as a result of a specific service-connected disability. See 38 U.S.C. § 1155. Service-connected disability compensation is awarded for ten grades of disability based on percentage disability ratings of 10, 20, 30, 40, 50, 60, 70, 80, 90, or 100 percent. 38 C.F.R. § 1155.

VA, ALJs need not give "great weight" to a VA disability determination *if* they adequately explain the valid reasons for not doing so. <u>Chambliss</u>, 269 F.3d at 522. Where the ALJ disagrees with VA's disability findings, there is no reversible error as long as the record reflects consideration of those findings. See <u>Kinash v. Callahan</u>, 129 F.3d 736, 739 (5th Cir. 1997); <u>Harrell v. Bowen</u>, 862 F.2d 471, 481 (5th Cir. 1988); <u>Welch v. Barnhart</u>, 337 F.Supp.2d 929, 935 (S.D.Tex. 2004).

In the case at bar, the ALJ stated in his decision (Tr. p. 718):

> "The VA had established a goal of the claimant obtaining gainful employment (Exhibit 18F) which tends to show that the VA felt he had a least some potential to function in a work place if adequately motivated. This supports the finding of the undersigned that if he refrained from substance abuse he could have worked. The claimant testified that he lied to the VA claiming substance abuse in order to get treatment. A more reasonable conclusion would be that he had abused drugs and alcohol, which were material to his disability. The claimant testified that all his troubles were the result of his Vietnam service, yet he worked for one year thereafter. He emphasized that he was out of Vietnam only five days when he found it impossible to make adjustments, but he was in the military for 10 years until 1975.
>     \*       \*       \*
> "The VA considered for their purposes, that the claimant was disabled secondary to post traumatic stress disorder. The undersigned finds that, although the findings of the Veteran's Administration have been considered, they are not persuasive. The record shows that the claimant's mental impairments are a result of his substance abuse, and not from a psychiatric condition that would be of disabling significance apart from the substance abuse."

The ALJ clearly found that Williams' mental impairments stem from his drug and alcohol abuse problems and, therefore, his drug and alcohol abuse was material to the VA's 100% disability rating.

However, the VA, like the SSA, does not grant benefits for

8

disability resulting from alcohol or drug abuse. 38 U.S.C. § 105(a). Also, <u>Allen v. Principi</u>, 237 F.3d 1368, 1377 (Fed. Cir. 2001). The VA's disability determination clearly shows that Williams' PTSD was considered separate from his substance abuse problems (Tr. pp. 168-175), as reflected in the changes in Williams' disability rating, and the rating of 100% in February 1996 due to a worsening of his PTSD symptoms (Tr. pp. 169, 172). Therefore, the ALJ's conclusion that the VA granted Williams a 100% disability rating due to his substance abuse is erroneous.

However, the VA's disability rating is based on a different standard from that considered in the Social Security Act. Although both are based on a claimant's unemployability, the VA's disability rating is based primarily upon the average impairment in earning capacity, that is, upon the economic or industrial handicap which must be overcome and not from individual success in overcoming it, 38 C.F.R. § 4.15, while the Social Security Administration's disability determination is based on an individualized determination of inability to perform work, 42 U.S.C. §§ 423(d)(2), 1382(a)(3). Therefore, the ALJ's decision not to accord controlling weight to the Williams' VA ability rating is supported by substantial evidence.

2.

Williams also contends the ALJ erred in relying on his past substance abuse problems to deny him benefits, and failed to consider his severe mental disorders of PTSD and schizophrenia.

First, it is noted that the ALJ found Williams suffers from "disorders of the back, depression, anxiety disorder, and a history of substance abuse" (Tr. p. 721). The administrative transcript is replete with medical evidence of PTSD and schizophrenia versus schizoaffective disorder, as well, but the ALJ decided those impairments were caused by Williams' substance abuse rather than from a "psychiatric condition" (Tr. p. 718-719).

Williams' mental health records do not indicate that his mental impairments are a *result* of his substance abuse, although records from the periods when Williams was actively abusing drugs and alcohol indicate there was difficultly distinguishing the effects of substance abuse from the symptoms of his mental impairments (Tr. pp. 178-219). However, the medical records from periods when Williams' substance abuse was in remission show clearly that Williams suffers from severe mental impairments which are not caused by substance abuse (Tr. pp. 213-219). Moreover, as stated in the VA's 2000 disability decision (Tr. p. 171), the psychiatric medical evidence clearly connects Williams' PTSD to his Vietnam experiences (Tr. pp. 178-577).[4]

It is an error of law for an ALJ to substitute his non-expert opinion as to medical diagnoses for that of examining physicians, where the physicians' opinions are supported by appropriate diagnostic criteria. Frank v. Barnhart, 326 F.3d 618 (5th Cir.

---

[4] Williams also contends the ALJ failed to secure the medical records on which the VA's 1996 disability rating was based. However, the 2000 disability rating decision discusses the medical records beginning in 1995 and the previous disability rating decisions.

2002)("ALJ's have been warned by the courts against 'playing doctor' and making their own independent medical assessments."). Therefore, the ALJ erred in disregarding Williams' severe mental impairments of PTSD and schizophrenia versus schizoaffective disorder.

However, despite the fact that the ALJ failed to find that Williams suffers from these mental impairments and in finding he only has depression and an anxiety disorder, the ALJ effectively considered the effects of *all* of the limitations caused by Williams' mental impairments when he evaluated Williams' residual functional capacity. The ALJ simply ascribed all of Williams' functional limitations to depression and anxiety disorder, instead of recognizing some limitations were caused by PTSD and schizophrenia versus schizoaffective disorder. Since Williams has not suggested he has any additional functional limitations not recognized by the ALJ, the result is the same. As found by the ALJ, the medical evidence of record does not indicate that Williams met a listing for his mental impairments in 2000,[5] nor does it establish that Williams was unable to perform any type of work. The ALJ found Williams is able to perform light work,[6] except for

---

[5] Williams contends in his briefs that the ALJ failed to consider his impairments in combination, but has not alleged which listing he believes he meets.

[6] Williams also contends in his brief the ALJ failed to consider his physical impairments; however, Williams' physical impairments ("disorders of the back") were the basis for the ALJ's finding that Williams can only perform light work (Tr. pp. 716, 719-720, 721). Williams has not suggested any functional limitations arising from hypertension.

11

work involving following more than one or two step instructions or work involving more than limited interaction with others (Tr. p. 721). The VE testified at Williams' 2004 administrative hearing that Williams could perform work which exists in significant numbers in the national and regional economies, such as hand packer or packager, or assembler (Tr. pp. 799-800).

Finally, Williams contends the hypothetical question was defective because it did not include the limitation that Williams' suffers intermittently from "emotional symptoms" which cause moderate imitations in persistence, pace, activities of daily living, and functioning in occupational settings. However, Williams has not specified functional limitations in addition to the ones the ALJ recognized - that Williams would not work well with others or the public and that his mental limitations precluded following complex instructions.

Therefore, Williams has not carried his burden of proving the Commissioner's conclusion, that Williams can perform work, is not supported by substantial evidence.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the final decision of the Commissioner be AFFIRMED and that Williams' appeal be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ____ day of March, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE